```
              IN THE UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| KEITH FISHER,<br><br>         Plaintiff pro se,<br><br>   v.<br><br>CONGRESS TITLE, et al.,<br><br>         Defendants. | HON. JEROME B. SIMANDLE<br><br>Civil Action<br>No. 06-1607 (JBS)<br><br>**MEMORANDUM OPINION** |

**Simandle, District Judge**:

This matter comes before the Court on the motion of Defendants to dismiss the Complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6).[1]  The Court finds as follows:

1. Plaintiff, Keith Fisher, filed this action against Defendants Congress Title, Joseph Reyase, Diane Ridgeway, Deborah Hollander and Lisa Sammartino ("Defendants") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692p ("FDCPA").  Plaintiff alleges that when he sold property located

---

[1] There is also a motion pending by Plaintiff for default, which Plaintiff labeled a motion for summary judgment [Docket Item 8].  Because Defendants have now appeared and filed this motion to dismiss the motion for default shall be denied. Plaintiff also objects to the Court's consideration of this motion to dismiss because it is untimely.  Although the motion is quite late, the Court will enlarge the time permitted for a response pursuant and decide the motion to dismiss.  Pursuant to Fed. R. Civ. P. 6(b)(2), Defendants' motion to dismiss includes an explanation that their untimeliness was due to excusable neglect caused by Defendants' misconception that Plaintiff would not pursue litigation while settlement discussions were ongoing.

in Palmyra, New Jersey, Defendants held $56,515.86 in escrow to pay his creditors, who had placed liens on the property. Instead, Plaintiff claims, Defendants paid the debts of "persons of same or similar names." Thus, Plaintiff alleges, Defendants violated "the debt validation provisions contained" in the FDCPA. (Compl. at 3.)  "Plaintiff claims [Defendants] should have verified said judgments of similar or same names and [should have provided that] verification to plaintiff." (Id.)[2]

2.  This Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff alleges a violation of federal law under the FDCPA.  This Court does not have diversity jurisdiction under 28 U.S.C. § 1332, because Plaintiff and Defendants are all citizens of New Jersey, according to the Complaint.  The Complaint alleges no claims arising under New Jersey law.

3.  For purposes of this dismissal motion, pursuant to Rule 12(b)(6), the Court deems the facts alleged in the Complaint as true and determines whether there could be any legal basis for relief.  The Court must view all allegations in the Complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Jordan v. Fox, Rothschild,

---

[2] Plaintiff also alleges that the individual Defendants, employees of Congress Title, should be liable to him for $100,000 each, for their failure to respond to his inquiries.  Plaintiff does not provide any legal basis for such claims and the Court is aware of none under the FDCPA.

O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).  A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Scheuer, 416 U.S. at 236.  A district court must accept any and all reasonable inferences derived from those facts stated in the Complaint.  Glenside West Corp. v. Exxon Co., U.S.A., 761 F. Supp. 1100, 1107 (D.N.J. 1991).  The question before the Court is not whether the plaintiff will ultimately prevail; rather, it is whether that plaintiff can prove any set of facts in support of its claims that would entitle it to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  Therefore, in deciding a motion to dismiss, a court should look to the face of the Complaint and decide whether, taking all of the allegations of fact as true and construing them in a light most favorable to the plaintiff, those allegations state a legal claim.  Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990).  The Court will consider only the allegations in the Complaint, matters of public record, orders, and exhibits attached to the Complaint.  Chester County Intermed. Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990).

  4. However, while a court will accept well-pleaded allegations as true for the purposes of a motion to dismiss, the

Court will not accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegation. See Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977); Washington Legal Found. v. Massachusetts Bar Found., 993 F.2d 962, 971 (1st Cir. 1993); Violanti v. Emery Worldwide A-CF Co., 847 F. Supp. 1251, 1255 (M.D. Pa. 1994).

5.   In the Complaint, Plaintiff claims that his property sold for $170,000, with proceeds of $21,579.68 going to him, the seller, and $56,515.86 being held in escrow by Congress Title, for the payment of liens on the property. (Compl. at 1.) However, Plaintiff claims, Defendants paid the debts of another person named Keith Fisher or something similar.

6.   The FDCPA's provisions generally apply only to "debt collectors."  Pollice v. National Tax Funding, L.P., 225 F.3d 379, 403 (3d Cir. 2000).  Generally, a debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  However, excluded from the definition of a "debt collector" is "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona

4

fide escrow arrangement."  15 U.S.C. § 1692a(6)(F).

    7.  According to the Complaint, then, the FDCPA does not apply to Defendants' actions for two reasons.  First, Plaintiff alleges that Defendants were paying debts to creditors.  There is no allegation that Defendants were "collecting or attempting to collect" any debt.  Indeed, the money in Defendants' possession came from the seller and not from Plaintiff.  Although Plaintiff has argued that Defendants were, therefore, "indirectly" collecting debt by making these allegedly wrongful payments, that reading defies the ordinary meaning of language and turns the statute on its head.  "It is the purpose of [the Fair Debt Collection Practices Act] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).  There is no concern with the activity of escrow agents or title companies, or others whose conduct in the *payment* of debts might be complained of.

    8.  Indeed, Congress specifically exempted escrow agents from the purview of the FDCPA.  Thus, even if the Court agreed that Defendants were collecting debt, it would then find that Defendants were exempt from the Act under 15 U.S.C. § 1692a(6)(F) because the Complaint alleges these payment/collection actions

were taken in connection with Defendants' escrow arrangement with Plaintiff. Paying these debts (which would be deemed collection, under Plaintiff's theory) was thus "incidental" to the escrow arrangement and the FDCPA does not apply. Cf. Wilson v. Draper & Goldberg, P.L.L.C., 443 F.3d 373, 377 (4th Cir. 2006)(term "incidental" indicates exemption applies only if collection was not central to fiduciary obligation). According to the Senate Committee on Banking's report on the FDCPA, the exemption for escrow agents was intended to be straightforward and broad:

> The committee intends the term "debt collector," subject to the exclusions discussed below, to cover all third persons who regularly collect debts for others. The primary persons intended to be covered are independent debt collectors. [T]he committee does not intend the definition to cover the activities of trust departments, escrow companies, or other bona fide fiduciaries . . . .

Sen. Rep. No. 95-382, at 3 (1977) as reprinted in U.S.C.C.A.N. 1695, 1697-98.

9. Furthermore, Plaintiff does not allege in his Complaint, nor argue in his opposition brief, that the escrow arrangement at issue here was not "bona fide" within the meaning of the statute. Accordingly, Defendants cannot be liable under the FDCPA for the allegedly wrongful payments, which, according to the Complaint, were made incident to a bona fide escrow arrangement.

10. For those reasons, the Court will grant Defendants'

motion to dismiss the Complaint for failure to state a claim on which relief may be granted.  An appropriate Order shall be entered.

    11.  Because Plaintiff has asserted no claims arising under New Jersey law, and because this Court, lacking diversity jurisdiction, is not empowered to hear such a claim in this case, this dismissal is without prejudice to Plaintiff's right to bring his New Jersey law claims in a court of competent jurisdiction, such as the Superior Court of New Jersey for the county where his cause of action arose.  Such claims may arise from Defendants' alleged breach of fiduciary duty and may also include breach of contract, negligent misrepresentation, or fraud under the facts alleged in the Complaint, if true.[3]

---

[3] Ordinarily, given Plaintiff's pro se status, the Court could grant leave to amend to assert new causes of action that are fairly implied in the present Complaint.  In this case, however, as noted above, this federal court does not have jurisdiction over such claims arising under New Jersey law in the absence of diversity, and this Court would not assume supplemental jurisdiction over such claims pursuant to 28 U.S.C. § 1367 because the underlying federal claim, which provided the sole basis for jurisdiction, has been dismissed.  See 28 U.S.C. § 1367(c).

12.  The accompanying Order for dismissal without prejudice is entered.[4]


**January 8, 2007**                          **s/ Jerome B. Simandle**
Date                                         U.S. District Judge
                                             Jerome B. Simandle

---

[4]  The Court expresses the hope that the settlement efforts between the parties – mentioned in the Defendants' motion as a basis for their late filing – will conclude successfully to resolve this dispute without further litigation, and specifically that the Defendants will be responsive in getting to the bottom of who was paid, and who was not, from the escrow fund they were duty-bound to manage.